159 So. 704

## DOLLAR v. STATE.

### 6 Div. 538.

Court of Appeals of Alabama.

Feb. 26, 1935.

Luther Patrick, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

RICE, Justice.

Appellant's capable counsel advances as a reason for our reversing the judgment in this case only the overruling of his objections to specified portions of the argument of the assistant solicitor prosecuting for the state, below. He appears very much in earnest in his argument for reversal—stating that "to permit the conviction to stand would simply be heartbreaking."

But we are not impressed.

While we find nothing requiring us to decide as to whether or not the verdict of the jury was supported, in the necessary way, by the evidence, yet we are tempted to remark, by way of answer to counsel's impassioned plea, here, that said verdict was not the result of an impartial consideration of the evidence in the case, that it would have been indeed strange had the jury accepted the testimony of appellant's witnesses to the effect that, upon the amorous occasion most involved, these witnesses, practically without effort, had sexual intercourse with the young lady in question—brought to the "singing grounds" by appellant—accepting at the same time his story that he, alone of his "crowd"—to speak of his two boy friend witnesses in that way—never violated her body, nor his conscience. We say that would have been strange.

So far as the exceptions reserved to portions of the argument of the prosecuting officer are concerned, we merely observe that we have examined each of them, critically, in the light of the argument of appellant's counsel. There is nothing new or novel apparent. In each instance, we find the exception unavailing for one or more of these reasons; it was based upon an objection to portions of the argument, some of which were proper, and some, improper, without specifying which portion was deemed improper; it was based upon an objection to a portion of the argument made in direct reply to a portion of appellant's counsel's argument of an

exactly similar nature; or it was based upon an objection to argument which was permissible under the well-known rules that obtain.

So far as we can see, appellant had a fair trial.

The judgment is affirmed.

Affirmed.